4 F.3d 985
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
GE SUPPLY, A Division of General Electric Company,
Plaintiff-Appellant,
v.
Richard E. THOMAS; Lois J. Thomas, Defendants-Appellees,
and
RESIDENTIAL ELECTRIC, INCORPORATED, Defendant.
GE SUPPLY, A Division of General Electric Company,
Plaintiff-Appellee,
v.
Richard E. THOMAS; Lois J. Thomas, Defendants-Appellants,
and
RESIDENTIAL ELECTRIC, INCORPORATED, Defendant.
 Nos. 93-1008, 93-1088.
 United States Court of Appeals,
Fourth Circuit.
 Argued: July 13, 1993.
Decided: August 23, 1993.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-92-304-2)
 Argued: Donald H. Clark, Clark & Stant, P.C., Virginia Beach, Virginia, for Appellant.
 Stephen Gary Merrill, Ghent Law Offices, Norfolk, Virginia, for Appellee.
 On Brief: Thomas B. Kelly, Clark & Stant, P.C., Virginia Beach, Virginia, for Appellant.
 Edward F. Halloran, Virginia Beach, Virginia, for Appellee.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WILKINS, NIEMEYER, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 GE Supply, a division of General Electric Co., brought this action against Richard E. and Lois J. Thomas alleging that the Thomases had breached a contract of guaranty. The Thomases filed a counter-claim for abuse of process. The district court held that the contract was unenforceable under the Statute of Frauds, and directed a verdict for GE Supply on the abuse of process claim. GE Supply contends that the district court should have reformed the contract, and that the contract as reformed would have been enforceable under the Statute of Frauds. Because we agree that reformation was available as a remedy, we vacate the district court's judgment for the Thomases on the breach of contract claim and remand for further proceedings. We affirm the district court's judgment for GE Supply on the abuse of process claim.
 
 
 2
 In 1979, the Thomases' sons, Rick and Donnie Thomas, opened a new business, Residential Electric, Inc., which they incorporated under the laws of Virginia. In order to help their sons obtain the credit necessary to operate Residential Electric, the Thomases signed a document entitled "Guaranty." Under the guaranty, the Thomases agreed to be responsible for the debts of Residential Electric, although the degree of responsibility remains in dispute. When Residential Electric defaulted on its account in 1991, GE Supply sought to enforce the guaranty.
 
 
 3
 The document the Thomases signed, however, had an egregious drafting error. It specified that GE Supply was providing financial assistance to the Thomases, and not Residential Electric as agreed. As drafted, therefore, the document is unenforceable because the Thomases seemingly agreed to provide financial assistance to themselves. Enforcement requires as a first step the reformation of the document so that the correct party is named.
 
 
 4
 Under Virginia law, which the parties stipulated is applicable:
 
 
 5
 The equitable remedy of reformation ... provides relief against a mistake of fact in a written instrument in only two instances. The first is where the mistake is mutual, that is, where both parties sign an instrument mistakenly believing it reflects their antecedent bargain. The second is where there is mistake on the part of only one party, that is, the mistake is unilateral, but it is accompanied by misrepresentation and fraud perpetrated by the other.
 
 
 6
 Ward v. Ward, 387 S.E.2d 460, 462 (Va. 1990) (citations, quotation marks, and brackets omitted). The party seeking reformation must offer proof that is " 'clear and satisfactory, leaving but little, if any, doubt of the mistake.' " Gibbs v. Price, 150 S.E.2d 551, 552 (Va. 1966) (quoting French v. Chapman, 13 S.E. 479, 481 (Va. 1891)).
 
 
 7
 GE Supply urges that the mistaken listing of the Thomases' names was a scrivener's error and a mutual mistake. The Thomases concede that they entered into a guaranty agreement in order to induce GE Supply to grant Residential Electric a line of credit. For example, the Thomases recite in their Statement of Facts on appeal that "[a]fter discussing the capital needs of the new Corporation with the boys the parents decided to put up $5,000.00 or 'stake' $5,000.00 for the purpose of the Corporation's going into business." (Appellee's Brief at 2.) The Thomases contend that the guaranty was limited to the first $5,000 that Residential Electric borrowed, and hence that the guaranty lapsed once Residential Electric paid back the initial $5,000. Although they dispute the extent of the guaranty, both parties agree that Residential Electric was the party whose credit was being guaranteed. Therefore, GE Supply has proved mutual mistake.
 
 
 8
 Nevertheless, that does not end the inquiry. As the Restatement has noted: "Since the remedy of reformation is equitable in nature, a court has the discretion to withhold it, even if it would otherwise be appropriate, on grounds that have traditionally justified courts of equity in withholding relief." Restatement (Second) of Contracts Sec. 155 cmt. d (1979). Whether courts will reform a contract depends on whether "the remedy is essential to the ends of justice." Wellman Sav. Bank v. Adams, 454 N.W.2d 852, 855 (Iowa 1990).
 
 
 9
 The district court denied reformation because it found "the evidence is not clear and convincing that these people did any more ... than sign for their sons to get a line of credit for $5,000 for Residential Electric and that there has just been no showing that this was a guaranty in favor of GE for all these debts of Residential Electric." (J.A. 252.) In our view, these reasons do not justify denying reformation. The Thomases have conceded that they agreed to a guaranty. The district court evidently believed that granting reformation would be unjust because the Thomases would be liable for a larger amount than that to which they agreed. However, it would be equally unjust to prevent GE Supply from obtaining the benefits of the conceded agreement, whatever those benefits may be. The district court should have determined whether reformation was appropriate and then interpreted the reformed agreement under the appropriate rules of contract construction. We conclude that the district court erred when it refused to reform the guaranty to reflect that GE Supply was providing financial assistance to Residential Electric, and not the Thomases.
 
 
 10
 In addition to challenging the district court's findings regarding reformation, GE Supply asks us to hold that the words "Note: Five Thousand Dollar ($5,000) per month limit and not to exceed," which were typed at the top of the guaranty, are part of the guaranty agreement, are unambiguous, and mean that the Thomases' liability is only limited to $5,000 per month.* The Thomases contend that the phrase is ambiguous and must be interpreted in light of extrinsic evidence. As noted above, the Thomases regard the contract as a one-time guaranty of $5,000 that lapsed once Residential Electric repaid the initial $5,000 extended as credit. We prefer to let the district court address this question in the first instance on remand. Similarly, with the exception of the reformation argument discussed above, we express no opinion regarding the various challenges that the Thomases have made to the guaranty's enforceability, including whether the reformed guaranty is enforceable under the Statute of Frauds.
 
 
 11
 The Thomases urge in a cross appeal that the district court erred in directing a verdict for GE Supply on their cross-claim for abuse of process. "To sustain a cause of action for abuse of process, a plaintiff must ... prove: (1) the existence of an ulterior purpose; and (2) an act in the use of the process not proper in the regular prosecution of the proceedings." Donohoe Constr. Co. v. Mount Vernon Assocs., 369 S.E.2d 857, 862 (Va. 1988). The Thomases assert that the purpose of this case was to "extort payments" from them. (Appellee's Brief at 31.) Their claim is premised on their contention that GE Supply's claim was groundless. Whatever the ultimate outcome of this case, GE Supply's claim clearly was not groundless. The district court correctly directed a verdict for GE Supply on this claim. The Thomases' claim for sanctions under Federal Rule of Civil Procedure 11 is similarly without merit.
 
 
 12
 Accordingly, we vacate the district court's judgment for the Thomases on GE Supply's breach of contract claim and remand for further proceedings. We affirm the district court's judgment for GE Supply on the Thomases' abuse of process claim.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED
 
 
 
 *
 GE Supply calculates that the Thomases' total liability amounts to $58,753.44, plus interest of $22,913.84 and attorney's fees of $12,250.09